IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. DONOHOE, | ) | CASE NO. 4:17CV443 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CORPAK MEDSYSTEMS, INC., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | OF TRANSFER |
| Defendant. | ) | |

This matter is before the Court upon a Motion to Transfer Venue to the Northern District of Illinois filed by Defendant, Corpak Medsystems, Inc. (hereafter "Corpak"). (ECF #9). Plaintiff, Michael A. Donohoe, (hereafter "Mr. Donohoe") filed an Opposition to Defendant's Motion to Transfer Venue (ECF #11), and Corpak filed a Reply in Support of Its Motion to Transfer Venue. (ECF #12).[1] Therefore, this matter has been fully briefed and is ripe for review.

For the reasons more fully set forth herein, Corpak's Motion to Transfer Venue to the Northern District of Illinois is GRANTED.

I.  FACTUAL BACKGROUND

Mr. Donohoe is an Ohio resident who was employed as a Sales Representative for Corpak from April 2009 until September 2016. (See ECF #9 and 9-2). Corpak is a Delaware corporation that develops, manufactures, and markets medical products, and its headquarters are located in Buffalo Grove, Illinois (hereafter "Headquarters"). (ECF #9-1, ¶¶ 2, 4). At all times relevant

---

[1] Mr. Donohoe filed a Surreply to Corpak's Reply in Support (ECF #15), and Corpak filed a Sur-Surreply in Support of its Motion. (ECF #17).

herein, Mr. Donohoe worked from his home in Springboro, Ohio, and was bound by the terms set forth in the Employment, Confidential Information, Invention Assignment and Non-Competition Agreement (the "Employment Agreement"), which Mr. Donohoe signed on April 6, 2009. (See ECF #9-2).

On January 30, 2017, Mr. Donohoe filed a lawsuit against Corpak in the Court of Common Pleas, Trumbull County, Ohio. (See ECF #1-1). This lawsuit alleges that Corpak failed to pay Mr. Donohoe certain wages, commissions and benefits from 2014 until present, and alleges breach of contract, unjust enrichment, fraud and violations of Ohio Revised Code § 4113.15. On March 3, 2017, Corpak filed a Notice of Removal with this Court. (ECF #1). On March 17, 2017, Corpak filed the Motion to Transfer at issue herein.

II.  LEGAL ANALYSIS

Corpak asks this court to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 27 (1960).

Once the jurisdictional issues have been resolved, there are several factors that a district court considers when deciding whether a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Car Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These interests include the plaintiff's choice of forum, location of necessary documents, convenience of witnesses, possibility of

prejudice in either forum, and the practical problems associated with trying the case as expeditiously and inexpensively as possible. *See U.S. v. Cinemark USA, Inc.*, 66 F.Supp.2d 570, 573 (N.D. Ohio 1999)(*citing West Am. Ins. Co., v. Potts*, 1990 WL 104034 (6th Cir. 1990), at *2. No one factor is dispositive, rather, the transfer is appropriate if the balance of these factors weighs strongly in favor of transfer. *See U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, No. 5:10-CV-383, 2011 WL 127852 (N.D. Ohio Jan. 14, 2001), at *2 (citation omitted). The party seeking the transfer has the burden to prove that the balance of all relevant factors weigh strongly in favor of transfer. *(Id).*

A. <u>Whether this Case Could Have Been Brought in the Northern District of Illinois</u>

Mr. Donohoe does not address the issue of whether this lawsuit could have been filed in the Northern District of Illinois in his motions. Corpak, however, argues that because its Headquarters are in Buffalo Grove, Illinois, and Mr. Donohoe is an Ohio resident, diversity jurisdiction exits pursuant to 28 U.S.C. § 1332. (ECF #9, p. 5). Corpak also argues that diversity jurisdiction exits because the amount in controversy exceeds $75,000.00. (*Id.*). Finally, Corpak argues that venue is proper under 28 U.S.C. § 1391(a), because Corpak resides in Cook County, Illinois, which is within the judicial district of the Northern District of Illinois. (*Id.*). This Court agrees with Corpak that this lawsuit could have been filed in the Northern District of Illinois, and therefore, venue would be proper in that Court.[2]

---

2    It should be noted that Paragraph 9(f) of the Employment Agreement provides that it "shall be governed by an interpreted in accordance with law of Illinois." However, this forum-selection clause is considered permissive, because it "merely authorizes jurisdiction" in Illinois, "but does not require that forum to be the exclusive venue for litigation." *See Federal Deposit Ins. Corp. v. Paragon Mortgage Serv., Inc.*, 2016 WL 2646740 (N.D. Ohio May 10, 2016), at *2. Therefore, the forum-selection clause is not a dispositive factor in deciding transfer, nor does it alter this Court's analysis under §

B.  Analysis of the Private and Public Interest Factors Warranting Transfer

Having found that this matter could have been properly filed in the Northern District of Illinois, this Court will now analyze the private and public-interest factors relating to the transfer of this matter.

1. Plaintiff's Choice of Forum

While a plaintiff's choice of forum is usually entitled to significant weight, that choice is entitled to somewhat less weight when the case is removed to federal court, because the plaintiff is no longer in his chosen forum, which was state court. *See Rahim, Inc. v. Mindboard, Inc.*, No. 1:16-CV-262, 2016 WL 1558628 (N.D. Ohio April 18, 2016), at *3. Mr. Donohoe filed his lawsuit in the Court of Common Pleas for Trumbull County, despite the fact that neither he nor Corpak reside in that County,[3] and Corpak had the case removed to this Court. Therefore, Mr. Donohoe did not choose this Court, and his choice of forum is not entitled to the substantial weight it might otherwise receive. *See Id.*

Therefore, this Court finds that this factor weighs slightly in favor of venue in this judicial district.

2. Location of Necessary Documents

Corpak provides that it has no offices or employees in Ohio, and that all of the documents relevant to Mr. Donahoe's claims regarding his sales, and the calculation and determination of his commissions based upon those sales, are located at Corpak's Headquarters. (ECF #9, p. 5-6). The

---

1404(a). *See Id.* at *4 (citations omitted).

[3] Mr. Donohoe provided an Affidavit to this Court indicating that for approximately 20 years, has has lived in Springboro, Ohio, which is located within the Southern District of Ohio. See ECF #11-1.

location of documentary evidence is a minor consideration when a court is considering a transfer under § 1404(a), since technological advances in document storage and retrieval make transporting documents less burdensome. *Zinsser*, 2011 WL 127852 at *6 (citation omitted). However, documents "likely to be of central importance" in this dispute - "payroll and personnel files, sales documents, company policies and procedures" - are located at Corpak's Headquarters. *See, e.g. Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10-CV-2713, 2011 WL 1430333 (N.D. Ohio 2011), at *3. Therefore, "[a]lthough documents can be transported, this factor nevertheless weighs in favor of transfer." *(Id)*.

3. Convenience of Parties and Witnesses

Mr. Donohoe argues that it is more convenient for him if this matter stays in the Northern District of Ohio in Cleveland, Ohio because he "has family in the area" and because he worked for Corpak in the Cleveland area. (ECF #15, p. 1-2). However, Mr. Donohoe lives in, and worked primarily in, the Southern District of Ohio's jurisdiction. Springboro is 200 miles from Cleveland, and Mr. Donohoe's region while working for Corpak encompassed Ohio, Kentucky and West Virginia. (See ECF #17, p. 3). Furthermore, the majority of Mr. Donohoe's baseline salary was earned in the Southern District of Ohio. (ECF #7-3). It is not clear to this Court how the Northern District of Ohio is more convenient for Mr. Donohoe. However, Corpak has argued that it is not convenient for its parties to travel to Cleveland for this litigation, as Corpak is located in Illinois.

As it relates to the convenience of any potential witnesses, this is considered one of the most important factors in determining whether to grant a motion to transfer under 28 U.S.C. § 1404(a). *Zinsser*, 2011 WL 127852 at *5. The residence of key witnesses is the critical

consideration. *Id.* Moreover, the court should consider the "nature and quality of the witnesses' testimony, not just the number of witnesses outside Ohio." *Rahim*, 2016 WL 1558628 at *3.

Mr. Donohoe identified six witnesses in his Complaint. None of these witnesses reside in Ohio, and none of them currently work for Corpak. (See ECF #9, p. 6; ECF #9-1). Corpak indicates that the two key witnesses identified by Mr. Donohoe, Mr. Cox (V.P. of Sales) and Mr. Armato (Regional Director), worked at Corpak Headquarters and currently reside in Chicago. (ECF #9, p. 6). Other potential witnesses are Mr. Abarro (Analyst), who lives in the Chicago area, and Ms. Udvare (Administrative Supervisor), who lives 93 miles away in Wisconsin. (See ECF #9-1). Two other witnesses are mentioned by Mr. Donohoe: Mr. McCanney (CEO), who lives in New Jersey and Dr. Crilly (outside consultant), who lives in California. *Id.*

It appears that most of the important witnesses in this matter are located in Illinois. Since they are no longer employed by Corpak, they cannot be compelled to testify in Ohio by Corpak, nor can they be supboenaed by this Court. In a similar case, this district decided that the "centrally-relevant Illinois witnesses would not be subject to compulsory process in Ohio," because Federal Rule of Civil Procedure 45(c)(3) provides that a subpoena may be quashed if it requires a witness to travel more than 100 miles. *See Fryda v. Takeda Pharm. N. Am., Inc.*, No. 1:11-CV-339, 2011 WL 1434997 (N.D. Ohio 2011), at *3. The Court then found that "[t]herefore, the location of critical witnesses in Illinois, and the Court's inability to compel their appearance, weighs in favor of transfer." *Id.*

Mr. Donohoe later identified Mr. Kroll, an Ohio resident, as an additional "key witness" in his Opposition Brief. (See ECF #11-1). It is not clear why Mr. Kroll was not identified as a witness before a Motion to Transfer Venue was filed by Corpak. Regardless, there are still three important

witnesses that reside in the Chicago area and one that is nearby. Moreover, evaluating the convenience to witnesses is more than a "numbers game; a court should not merely tally witnesses but should instead evaluate the significance of their expected testimony." *Siegfried*, 2011 WL 1430333, at *3. Therefore, taking into consideration the location of the parties, witnesses and the relevant testimony they will provide, this factor favors transferring this matter to the Northern District of Illinois.

4. Possible Prejudice in Either Forum

This Court is not aware of any possibility of prejudice in either forum, and the parties have not argued that any prejudice may exist in either forum. Therefore, this factor is neutral in the Court's analysis of whether the transfer this matter.

5. Practical Issues Trying the Case and Public-Interest Factors

This court is not aware of any practical problems with trying this matter expeditiously or inexpensively in either venue. However, this leads to the issue of whether public-interest factors favor transfer to the Northern District of Illinois. Public factors include administrative difficulties due to courts with congested dockets, the burden of jury duty on members of a community with no connection to the litigation, the local interest of having localized controversies decided at home and the appropriateness of having diversity cases tried in a forum which is familiar with the governing law. *See Nationwide Mut Fire Ins. Co. v. Barbour*, No. 5:15-CV-456, 2015 WL 5560209 (N.D. Ohio Sept. 21, 2015), at *1 (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Corpak has argued that public-interest factors favor transfer because Mr. Donahoe's only connections with this forum are his counsel and one witness. (See generally ECF #12 and #17).

Similarly, Corpak points out that it does not have connections with this forum either, as it is based out its Headquarters, with no employees or offices in Ohio. Corpak also argues that any decision-making or calculations regarding Mr. Donohoe's salary or commissions was conducted by Corpak employees situated at Headquarters.[4] Therefore, since many of the operative actions surrounding Mr. Donohoe's claims occurred at Headquarters in Buffalo Grove, Illinois, the public-interest factors weigh in favor of transferring this case to the Northern District of Illinois.

III. CONCLUSION

For the reasons set forth herein, this Court finds that after weighing the private interests of the litigants and the public-interests of this litigation, transfer of this case is warranted. Therefore, Defendant's Motion to Transfer (ECF #9) is GRANTED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 28, 2017

---

[4] Mr. Donohoe also attended meetings at Headquarters, received paychecks that were issued by Headquarters, and communicated with personnel located at Headquarters. (See ECF #12, p. 8).